Wingfield *et al. vs.* Rhea, cashier.

1. When this case was formerly before the Supreme Court (73 *Ga.,* 477), it was held that a married woman was bound by a judgment against herself and her husband, and that if she had any defence to the suit, she should have urged it before the judgment was entered.

2. The *feme covert* having pleaded that there was no legal service

upon her, or notice to her of the suit in which the judgment was rendered against her and her husband, and the jury having found in her favor, and the presiding judge having granted a first new trial on account of newly-discovered evidence to show her domicile, this court will not interfere with his discretion in so doing.

(*a.*) Where the husband and wife were living together, the law made his domicile hers.

3. Where a motion for new trial was made on several grounds, and was granted on one of them only, the others thereby being impliedly overruled, and exception was taken to the grant of the motion, a cross-bill of exceptions would seem to be necessary in order to have the question made by the overruled grounds considered.

(*a.*) Had this been done, *laches* in failing to traverse the return of the sheriff at the next term of the court rendering the judgment after she had notice thereof would appear.

May 1, 1886.

Husband and Wife. Married Women. Judgments. Venue. Domicile. Practice in Supreme Court. Service. Before Judge ESTES. Floyd Superior Court. September Term, 1885.

Reported in the decision.

UNDERWOOD & ROWELL, for plaintiffs in error.

C. N. FEATHERSTON, for defendant.

HALL, Justice.

When this case was here before (73 *Ga.*, 477), we held that Mrs. Wingfield was bound by the judgment rendered in favor of Rhea, cashier, against her husband and herself; that if she had any defence to the suit, she should have urged it before the judgment was entered. Since then, however, she claims that the suit was instituted without notice of any kind or legal service of the writ on her. The jury found this issue in her favor, and the judge, without expressly overruling the other grounds of the motion, granted a new trial upon certain newly discovered evidence tending to show that, at the time of the service of the process, the husband had not changed his domicile from Spald-

ing to Floyd county; and where the husband and wife were living together, it was insisted, and we think correctly, that the law made his domicile hers. It is to be regretted that the plaintiff in *fi. fa.* did not take a cross-bill of exceptions to the other grounds of the motion, impliedly overruled by the judgment of the court, which, under several adjudications made by us, would seem to be necessary to enable us to consider the questions made by the overruled grounds. *Singleton vs. Southwestern Railroad*, 70 *Ga.*, 464; *Georgia Railroad vs. Letchworth*, 73 *Id.*, 88. Had this been done, there could have been no doubt as to the propriety of the grant of this new trial, as Mrs. Wingfield was in *laches* for failing to traverse the return of service by the sheriff at the next term of the court rendering the judgment after she had notice thereof. Code, §3340, and cases cited thereunder. But this was the first grant of a new trial on a finding of this issue and should be indulgently treated, unless it could be shown that the presiding judge had abused his discretion in ordering it by a plain disregard of the facts in the case, or a manifest violation of the law arising thereon, and in this instance, that cannot with any show of reason be asserted; the newly-discovered evidence, apart from the rule of law above cited, was material and pertinent to the issue tried, and it would be difficult to assert that it was merely cumulative of other evidence in the case, or that the party had not shown due diligence in procuring it before the trial. It would, we think, be going too far to interfere with the discretion exercised by the judge in reference to the questions arising on this ground of the motion, especially as justice, under the law and facts of this case, seems to demand another and fuller hearing.

Judgment affirmed.