SLATEN *v.* COLLEGE PARK CEMETERY COMPANY.

No. 11972. NOVEMBER 12, 1937.

30

*Hendrix & Buchanan* and *Clifford Hendrix,* for plaintiff in error.

*Woodruff & Ward,* contra.

RUSSELL, Chief Justice. The contract in this case imposed on Slaten the obligation to make the payments specified therein, without condition, except that in the event of his death without being in default, "a certificate of conveyance . . shall be delivered at once, and the remaining installments canceled and satisfied."

No incompleteness appears, and in none of the numerous defensive pleadings filed is it alleged that anything was omitted from the writing which was intended to be inserted therein.

■ In *Chattanooga, Rome & Columbus R. Co.* v. *Warthen,* 98 *Ga.* 599 (25 S. E. 988), it was held: "Mere statements or promises by the company's officers or agents, made before the contract of subscription was signed, to the effect that the railroad would be built upon a certain line, and a failure to so build it after the contract was executed, would not constitute a fraud upon the subscriber or afford him any ground for avoiding payment, there being no contention that anything was omitted from the writing which was intended to be inserted therein." In *Roberts* v. *Investors Savings Co.,* 154 *Ga.* 45 (113 S. E. 398), Mrs. Roberts purchased a house and lot, giving notes for part of the purchase-price and receiving a bond for title from the vendor. Suit was filed by the transferee of the vendor on two of these notes. Mrs. Roberts in her answer to the petition admitted the execution of the notes sued on, but alleged that they were obtained from her through misrepresentation and deceit practiced upon her by H. W. Nicholes, the agent of Mrs. Lula M. Nicholes, the vendor; that H. W. Nicholes, acting as such agent, agreed, at the time the defendant was inveigled into signing and delivering said notes to him, to make described improvements on the house located on the lot purchased, and that he failed and refused to do so, for which reason she has refused to pay said notes. The judge struck the answer on demurrer, as failing to set forth an issuable defense, and directed a verdict in favor of the plaintiff. In affirming that ruling the Supreme Court held: "The rule which permits parol proof in cases of apparent incompleteness in written statements of the obligations of the parties, denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous parol agreement. . . All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony. Where one buys real estate from another, executes notes which recite that they are given for part of the purchase-money of certain described real estate, and takes from the seller a bond for title, which recites the full purchase-money to be paid, that the purchaser is to pay off certain incumbrances on

the property as part of the purchase-money, and that the purchaser conveys to the seller his equity in certain other real estate as part of the purchase-money, and has given notes for the remainder of the purchase-money, the total amount of the incumbrances assumed, of the equity so conveyed, and of the notes so given being equal to the amount of the purchase-money recited in the bond for title, the notes and bond for title constitute a complete contract of sale; and parol evidence is inadmissible to impose additional and other terms dependent upon a prior or contemporaneous parol agreement by which the seller was to make certain improvements on the premises as a part of the contract of sale; and the court did not err in striking so much of the answer of the defendant as set up such prior or contemporaneous parol agreement." See also *LaGrange Female College* v. *Cary*, 168 *Ga.* 291 (147 S. E. 390). The court did not err in sustaining the demurrer to the defense asserting failure of the plaintiff to make certain improvements in the cemetery, one ground of demurrer being that the answer "attempts to vary the terms of the written contract and agreement sued upon by plaintiff, setting forth an alleged parol agreement or agreements between plaintiff and defendant, which are either at variance with the plain, unambiguous terms of the contract sued upon, or embody statements of negotiations or verbal agreements made prior to the execution of the written contract sued upon and, therefore, merged therein."

■ The allegation in the answer that the defendant had been relieved from payment of the balance due on the contract, by reason of an agreement with an officer of the plaintiff, does not aver any consideration moving to the plaintiff, and such agreement would be ineffectual, since "A consideration is essential to a contract which the law will enforce." Code, § 20-301.

■ The pleadings purporting to allege violation, by the payee in the contract sued on, of the requirement of the law that persons or corporations doing business in an assumed or trade-name shall register their true names with the clerk of the superior court, are set out above. Nowhere is it alleged that the contract entered into between the defendant and College Park Cemetery Company was made with the Cemetery Company in any trade-name. It appears from the copy of the contract attached to the petition as an exhibit, and not denied by the defendant, that the parties to the contract

are "College Park Cemetery Company, a corporation, . . and C. E. Slaten." Clearly the pleas filed by the defendant do not allege any violation by the College Park Cemetery of the act of 1929 (Code, §§ 106-301 et seq.) in entering into the contract. Consequently, the constitutionality or unconstitutionality of the act of 1937 (Ga. L. 1937, p. 804), which declares that "No contract or undertaking entered into by any person, firm, or corporation, whether heretofore or hereafter entered into, shall be invalidated or declared illegal on the ground that the same was entered into in a trade or partnership name not filed or registered in accordance with the laws in force at the time such contract or undertaking was entered into; but all such contracts and undertakings are expressly validated as against any such objection; and no suit or action heretofore or hereafter instituted by any such person, firm, partnership or corporation, whether sounding in contract or tort, shall be defeated because of any such failure to register," could not affect the defendant in this case, he having failed to allege facts which would entitle him to plead the illegality of the contract under the trade-name law as it existed before the passage of the act of 1937. The court did not err in disallowing the amendment offered by the defendant on April 21, 1937, in which the constitutionality of the act of 1937, supra, was attacked.

■ This court, and not the Court of Appeals, has jurisdiction of the writ of error in this case, under the decision in *Oliver-McDonald Co.* v. *Swift,* 157 *Ga.* 102 (120 S. E. 543).

The court did not err in rendering judgment in favor of the plaintiff, and in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur.*