## 28909. RAINES *et al. v.* RICE.

DECIDED JUNE 4, 1941.

*W. L. Ferguson,* for plaintiffs.   *R. R. Jones,* for defendant.

GARDNER, J.   The plaintiffs brought suit to recover damages. For a clear understanding of the issues it is deemed well to set out the material portions of the petition, the demurrers, the plaintiffs' amendment to the petition, and the demurrer to the petition as amended.   First, we quote from the petition, as follows:  "The petition . . shows: . . (2) That your petitioners, on February 6th, 1939, loaned to the defendant one sorrel mare mule, three years old, weighing about 1050 pounds to 1100 pounds.   (3) That your petitioners are the owners of said described mule, described in paragraph 2 of the petition above.   (4) That the said loan of said mule to the defendant was for the entire sole benefit of the defendant; it being alleged that said mule was loaned to the defendant for the sole purpose of defendant using said mule to work and make his crops that were planted and cultivated on the farms operated personally by the defendant, and further, that the defendant was to use said mule solely on the farms operated personally by the defendant, and solely in connection with the working, making, and harvesting the crops on the farms personally operated by the defendant.   (5) That your petitioners were to receive no rent and no consideration or benefit whatsoever from the defendant for the loan of said mule, and your petitioners did not receive any rent and did not receive any consideration or benefit whatsoever from the defendant for the loan of said mule.   (6) That said mule was killed on October 5th, 1939, while in the possession, custody, and control of the defendant.   (7) That the defendant is engaged in the business of farming, and on or about October 5th, 1939, the defendant was also engaged in the business of picking peanuts for the public at large, for a stipulated amount per ton.   That on October 5th, 1939, said mule had been used that day for assisting in picking peanuts for the public at large, on farms that defendant was not operating personally, and on farms in which defendant had no farming interest or connection.   That on or about seven p. m. of the day of October 5th, 1939, after complete darkness, and after

complete night had set in, the defendant had said mule tied behind a wagon that was being driven on the Dawson-Leary public road, at a point about two miles south of the village of Herod, in Terrell County, Georgia. That a truck owned by Malcolm Paul and being operated at the time without any lights, ran into said wagon and said mule that was being led attached to the rear of the wagon of defendant, and said mule was instantly killed in the road by said truck running into and against said mule and wagon; it being alleged that said road was a public highway. Further, that at the time said mule was killed the wagon of defendant did not have any lights or reflectors, either on the front or the rear thereof, of said wagon. (8) That the defendant was not authorized to use said mule to assist in picking the peanuts of the public at large, on farms not personally operated by defendant, nor was defendant authorized, as incident thereto, to use said mule attached to a wagon driven at night on a public highway, without any lights or reflectors. (9) That the defendant was guilty of gross negligence, for the reasons, to wit: (a) That the defendant was bound to exercise extraordinary care and diligence, in the preservation of the property. (b) That the defendant was operating said wagon with the mule attached thereto, upon a public highway, at night, with no lights, or no reflectors attached either to the front or the rear of the wagon, as required by law. (c) That said mule was being used by the defendant at the time, for a purpose different from the purpose for which the mule was loaned to the defendant. (10) That the value of said mule was $217.50, and your petitioners have been damaged to the full value of said mule, for the reasons herein alleged. (11) That demand has been made upon the defendant, requesting payment of the value of said mule, but defendant fails and refuses to pay the same. Wherefore, petitioners pray: (1) Judgment in the amount of $217.50 as the full value of said mule. (2) That process do issue," etc.

The defendant demurred as follows: " (1st) That said petition fails to set forth a cause of action, against defendant. (2nd) Said petition shows on its face that it seeks to recover damages, both for a breach of contract and for a tort. (3rd) The petition shows on its face that the proximate cause of the injury was the independent criminal act of a third person. (4th) The petition shows on its face that there is a nonjoinder of parties defendant in said case, in

that said petition shows that the injury complained of was the direct result of the negligent acts of a third person, and such third person is not named as a defendant in said petition, nor is any reason set forth why such third person is not named as a defendant. (5th) Said petition shows upon its face that the injury complained of was not the result of any negligent act of the defendant, but the proximate cause of such injury was the independent act of a third person. (6th) Said petition fails to allege sufficient facts to show that the transaction between plaintiffs and defendant was a loan, as alleged in said petition, in that said petition fails to set forth the time for which said loan was to continue. Said petition also fails to allege whether the terms of said alleged loan were oral or in writing, nor is a copy of said loan agreement set forth in said petition, or attached thereto. (7) Defendant demurs to the allegation in paragraph nine of said petition, to wit: 'That the defendant was bound to exercise extraordinary care and diligence in the preservation of the property,' for the reason that said allegation is a conclusion of law, and should be stricken from said petition. Defendant demurs further to the allegations in paragraph nine (b) of said petition for the reason that said allegations set forth conclusions of the pleader, without setting forth sufficient facts to justify such conclusions, in that said paragraph fails to allege how the mule was attached to the wagon, or how the failure to have lights or reflectors on said wagon constituted gross negligence, or how the failure to have such lights or reflectors on said wagon in any way contributed to the injury complained of. Defendant demurs to the allegations in paragraph 9 (c) of said petition, for the reason that said paragraph does not allege how or in what manner the allegation 'that said mule was being used by the defendant at the time for a purpose different from the purpose for which the mule was loaned to the defendant,' constituted gross negligence." The usual prayer for dismissal was asked.

The plaintiffs amended the petition, and alleged: "(1) That the time for which said loan of said mule was to continue was for only the period during the year 1939, necessary to use said mule in connection with the working, making, and harvesting the crops on the farms personally operated by defendant. (2) That the terms of said loan of said mule were oral and not in writing. (3) That under said contract of bailment the defendant was to take

good care of the mule, was to return the same identical mule at the end of the farming season of the year 1939, was to return said mule in a good and proper condition, and was to use said mule only for the purposes herein stated in the petition.  (4) That the defendant has breached the contract of bailment in the following, to wit: (a) That said mule can not be returned in a good and proper condition at the time specified in the contract, for the reason that said mule was killed on October 5th, 1939, while in the possession, custody, and control of the defendant.  (b) That the defendant was not authorized under the contract of bailment to use said mule to assist in picking the peanuts of the public at large, on farms not personally operated by defendant, nor as incident thereto, to use said mule attached to a wagon, driven at night, on a public highway without any lights or reflectors.  (c) That the defendant did not take good care of the mule, for the reason, that he did not use proper care and diligence in the preservation of the mule, in that he was operating said wagon with the mule attached thereto, upon a public highway, at night, with no lights or no reflectors attached either to the front or the rear of the wagon, as required by law. (d) That the defendant did not take good care of the mule for the reason that he did not use proper care and diligenec in the preservation of the mule, in that he had said mule tied behind the wagon that was being driven on a public highway, at night, where passing autos, trucks, and cars, were likely to frighten said mule, causing said mule to jump in front of, or be struck by an auto, truck or car.  (e) That defendant did not take good care of the mule for the reason that he did not use proper care and diligence in the preservation of the mule, in that he had said mule tied behind a wagon that was being driven on a public highway at night, where in such a position said mule was likely to be struck or hit by a passing auto, truck or car.  (5) Petitioners strike the entire paragraphs numbered 9 and 10 of the original petition.  (6) That the defendant's breach of the contract of bailment, for the reasons as aforesaid stated, has damaged your petitioners in the amount of $217.50.  That the value of said mule before and at the time it was killed was $217.50, and that after said mule was killed it was of no value whatsoever.  (7) That this action is definitely stated to be an action for the breach of the contract of bailment by defendant, and for the purpose of recovering damages occasioned by

said breach of said contract. Wherefore, petitioners pray: (1) Judgment in the amount of $217.50, as damages for the breach of the contract of bailment by the defendant. (2) That this amendment be allowed."

The defendant demurred to the petition as amended, as follows: "(1st) Defendant renews grounds 1, 3, 4, and 5 of his original demurrer to plaintiffs' petition as amended. (2nd) Defendant demurs further to plaintiffs' petition as amended for the reason that the amendment seeks to change a cause of action sounding in tort to a cause of action for a breach of contract. (3rd) Defendant demurs further to the petition as amended for the reason that the same sets forth no cause of action for a breach of contract, the petition showing on its face that the damages sought to be recovered resulted directly from an independent criminal act of a third person, and did not result from the failure or neglect of the defendant to perform the contract as set out in said petition. (4th) Defendant demurs further to plaintiffs' petition as amended for the reason that it is not alleged what hours of the day defendant was to use said mule under the contract of loan, nor in what capacity defendant was to use said mule, nor how the failure to have the wagon to which said mule was attached equipped with reflectors in any way contributed to the death of the mule, said petition showing that said mule was killed by a truck which was being operated without any lights. (5th) Defendant demurs further to plaintiffs' petition as amended for the reason that the allegation, to wit: 'that the defendant did not take good care of the mule for the reason that he did not use proper care and diligence in the preservation of the mule,' used in paragraph 4, c, d, and e, of plaintiffs' amended petition, sets forth a conclusion of the pleader, without setting forth sufficient facts upon which to base such conclusion, it not being shown or alleged in said petition how the failure to have the wagon to which said mule was attached equipped with reflectors in any way contributed to the death of the mule, nor does said petition allege what kind of good care or what care and diligence the defendant was required to use in the preservation of said mule under the said alleged contract of loan. Wherefore, defendant prays that this his demurrer be sustained and that plaintiffs' petition be dismissed."

The questions presented are, first, does the original petition par-

take both of a cause of action ex contractu and one ex delicto; second, does the amendment transform the action into one ex contractu; third, does the petition as amended set out a cause of action? The petition speaks for itself regarding the facts and the conclusions therefrom. In his first demurrer the defendant construed the petition as sounding both for breach of contract and in tort; the second paragraph of the demurrer related that "said petition shows on its face that it seeks to recover damages, both for a breach of contract and for a tort." The defendant called into question the ambiguity of the petition, and thus himself construed it. He is thus bound by his construction. In *Jenkins* v. *Seaboard Air-Line Railway*, 3 *Ga. App.* 381, 383 (59 S. E. 1120), this court held: "If it be admitted that it is ambiguous whether the action in the present case is one predicated upon a breach of contract, or whether damages are sought for a tort, still, even in that event, the plaintiff had the right, at his option, to treat it as an action on the contract. The defendant, though it had the right to demur, could not defeat the right of plaintiff to make this election by means of a proper amendment responsive to the demurrer." In *King* v. *Southern Railway Co.*, 128 *Ga.* 285, 288 (57 S. E. 507), the Supreme Court held: "If a petition is ambiguous as to whether the suit is for a tort or based on contract, this may furnish a ground for demurrer, duly filed. The plaintiff, however, may amend so as to clearly show whether he is suing for a tort or for a breach of contract. *Central R. Co.* v. *Pickett*, 87 *Ga.* 734 (13 S. E. 750). He did amend in this case, and allege that he was suing only for a tort." The original petition, on the whole ex contractu, was certainly nothing more than ambiguous. In response to the demurrer the plaintiffs had a right to amend in this regard. It will be observed that the defendant's demurrer to the petition as amended alleges, in paragraph 2: "Defendant demurs further to plaintiffs' petition as amended, for the reason that the amendment seeks to change a cause of action sounding in tort to a cause of action for a breach of contract." Thus it is that the defendant by this demurrer committed himself to the proposition that the petition as amended is for breach of contract. Having in his first demurrer specified the ambiguity of the petition as sounding in tort and in contract, and having invoked the amendment changing it to an action for breach of contract, he can not

complain that the petition as amended sets out a cause of action ex contractu.

We think the petition as amended sets out a cause of action for breach of contract of bailment for the sole benefit of the bailee. It is true there are certain unnecessary allegations as to negligence and conduct with reference to the property bailed in dealing with it beyond the purpose for which it was bailed and outside of the contract of bailment. These may be treated as surplusage, and are not fatal to the petition. The amended petition is for a breach of contract of bailment for the sole benefit of the bailee. This is a loan bailment, and is governed by the principles of law relating to bailments of this type. "A loan for use is the gratuitous grant of an article to another for use, to be returned in specie, and may be either for a certain time or indefinitely, and at the will of the grantor." Code, § 12-502. "The loan must be used strictly for the purpose and in the manner contemplated by the parties. A violation by the borrower is, in law, a conversion." § 12-510. "When one hires a horse to go a certain distance, he has no right, under his contract, to go beyond such distance without the consent of the bailor; and when he does go beyond, it is at least a technical conversion or violation of his contract and duty, and if the horse be injured while beyond the point to which it was hired to go, he is liable, whether the injury be caused by his own negligence or that of others, or even by accident, unless he be forced to go beyond that point by circumstances which he can not control." *Farkas* v. *Powell,* 86 *Ga.* 800 (13 S. E. 200, 12 L. R. A. 397). "The rule of law . . is, that if the thing (hired) is used for a different purpose from that which was intended by the parties, or in a different manner, or for a longer period, the hirer is not only responsible for all damages but if a loss occurs, although by inevitable casualty, he will generally be responsible therefor." *Lewis* v. *Mc-Afee,* 32 *Ga.* 465, 469; *Braswell* v. *Garfield Cotton-Oil Mill Co.,* 7 *Ga. App.* 167, 169 (66 S. E. 539); *Mayor &c. of Columbus* v. *Howard,* 6 *Ga.* 213 (5), 219; *Gorman* v. *Campbell,* 14 *Ga.* 137 (7). "Where an animal is loaned without compensation, the bailee is bound to exercise extraordinary diligence, such as the most prudent man would use toward his own property." 3 C. J. 26, § 42 (3-a). "Where the bailment is for the sole benefit of the bailee, he is bound to great care or extraordinary diligence, and is responsible

for slight neglect in relation to the subject-matter of the bailment."
6 C. J. 1127, § 66.

The demurrers above considered raise the questions that the plaintiffs should not recover because the petition shows that (1) the damages sought to be recovered resulted directly from an independent criminal act of a third person, and did not result from a failure or neglect of the defendant to perform the contract as set out in said petition, and (2) because of the principles announced in Code, § 20-1407. As to the first of these questions the defendant cites *Andrews* v. *Kinsel,* 114 *Ga.* 390 (2) (40 S. E. 300, 28 Am. St. R. 25), as controlling. The facts in that case were that a division wall between two stores owned by a landlord, who had rented one of the stores to a merchant, was being repaired by the landlord. On so doing the tenant's stock was left partly exposed over night. A burglar entered the tenant's store and stole certain articles. The tenant brought a tort action against the landlord. The court held: "In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer." In the opinion the court quoted from Wharton on Negligence (2d ed.), § 134, as follows: "I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor, and insulates my negligence, so that I can not be sued for the mischief which the person so intervening directly produces." The defendant also relies on *Gallovitch* v. *Ellis,* 55 *Ga. App.* 780 (191 S. E. 384). The facts of that case were that a tenant brought suit for damages against the landlord and alleged in substance that during the night she was awakened by a burglar, and ran to a window in the house to give an alarm. In doing this she leaned out of the window opening and pressed against a rotten windowsill which gave way, causing her to fall and receive injuries. She alleged that the landlord knew of the defective windowsill and was negligent in not repairing it, and that this failure to repair was the proximate cause

of her injury. This court held: "The petition showing that the proximate cause of the injury was the independent criminal act of a third person, committed after the existence of the defendant's negligence, the demurrers were properly sustained." The two cases cited by the defendant are based on tort actions, and are not applicable to the case at bar, which is for breach of a contract of a loan bailment discussed above.

The second question raised by the defendant is to the effect that the damages sought to be recovered are excluded by the law announced in the Code, § 20-1407, supra. To sustain this contention the defendant relies on *Fain* v. *Wilkerson, 22 Ga. App.* 193 (95 S. E. 752), and *Montgomery* v. *Alexander Lumber Co., 140 Ga.* 51 (2) (78 S. E. 413). The *Montgomery* case was cited in the *Fain* case; and we will discuss only the *Fain* case, since it is more directly in point. The petition alleged "delivery by plaintiff of certain household effects to the defendant as a bailee for hire, under an agreement that the latter was to remove them within a few days from the house in which they were then stored to other designated premises; that the defendant failed and refused to remove the goods as he agreed to do, but allowed them to remain there for a period of about sixty days, when they, with the house, were destroyed by fire. The suit is for the value of the goods, and it is alleged that 'the sole cause of the goods being burned up was the failure of said defendant to remove said goods as he had agreed to do.'" This court held: "Since the petition in this case absolves the defendant from any lack of diligence in protecting and keeping safely the goods bailed, except as to the specific complaint setting up the total failure on his part to perform the special duty imposed by the contract, and since the neglect of this duty could not naturally and in the usual course of things occasion the damage complained of, it was not error on the part of the trial judge to dismiss the suit as failing to set forth a cause of action." Thus it is seen that in the *Fain* case the defendant was not charged with an affirmative act of using the article bailed for a different purpose provided by the contract of bailment and without the limits of the contract of bailment. He was charged with a total failure to perform within the limits of the contract of bailment. This is a sort of negative charge of conduct. He did nothing. The goods were destroyed by fire because of his failure to act; and this

court held that under such state of facts the bailor could not recover because such damages sought were not such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated when the contract was made as the probable result of the breach. The principles announced in this case do not conflict with the rulings in the case at bar. The court erred in sustaining the demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*