31574. SMITH *v.* WHITE.

Decided June 18, 1947.

306

*Carl T. Hudgins,* for plaintiff in error.   *Alex M. Hitz,* contra.

FELTON, J.  The plaintiff alleged that he dealt with the defendant as vendor of the property and as principal and that it was not until the deed of the defendant's wife was tendered to him that he knew that the defendant was acting as agent for his wife, but he further alleges that he fully performed his part of the contract by paying over the purchase-price and assuming the payment of all taxes after November 23, 1945, the date on which the deed was tendered to him, and that he accepted the deed and the wife, the real principal, ratified the contract made by her husband.  It appears, therefore, from the petition itself that after the execution of the executory contract of sale and purchase but before its final performance, the principal was made known to the plaintiff and he accepted the deed of the principal as performance of the executory contract and thereby indicated his choice to deal with the principal, and an election deliberately made, with knowledge of facts and absence of fraud, is conclusive, and the party who has once elected, can claim no right to make a second choice.  Taking the allegations of the plaintiff to be true as against the demurrer, the defendant was acting as agent for his wife.  The fact of this agency was made known before the consummation of the transaction and the plaintiff chose to treat the wife as the opposite party and vendor of the property in question; and since it is the rule that where the principal is known the agent is not bound in the absence of an express undertaking on the part of the agent *(Gill* v. *Tison,* 61 *Ga.* 161; *Pearl Assurance Company Limited* v. *Bernath,* 185 *Ga.* 737, 196 S. E. 471, and cases there cited), the plaintiff may not proceed against the husband in this case, unless it can be said that the stipulation in the executory contract that possession was to be delivered on or before December 1, 1945, was an express undertaking on the part of the husband as agent.  However, as between the parties, and as we have pointed out the plaintiff elected to treat the wife as the opposite party, it is well settled that where a deed has been executed reducing the preliminary contract for the sale of land to a finality, the terms of the preliminary contract are merged into the deed, and the terms or conditions or recitals contained in the preliminary sales contract which are not included in the deed will be considered as eliminated, abandoned, or discarded

and the preliminary contract functus officio. *Keiley* v. *Citizens Savings Bank & Trust Co.,* 173 *Ga.* 11 (159 S. E. 527); *Augusta Land Co.* v. *Augusta Railway & Electric Co.,* 140 *Ga.* 519 (79 S. E. 138); *Pierce* v. *Dennett,* 163 *Ga.* 471 (136 S. E. 440); *Loftis* v. *Clay,* 164 *Ga.* 845 (139 S. E. 668); *Ingram* v. *Smith,* 62 *Ga. App.* 335 (7 S. E. 2d, 922). Consequently, the plaintiff could not under the facts of this case proceed against the defendant husband, and the court erred in overruling the demurrer and refusing to dismiss the case.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*