36961. FIELDS *et al. v.* GOLDSTEIN *et al.*

DECIDED FEBRUARY 5, 1958—REHEARING DENIED MARCH 6, 1958.

*J. Corbett Peek, Jr., Sidney I. Rose,* for plaintiffs in error.

*Marvin G. Russell, Turner Paschal, Haas, Holland & Blackshear, Moise, Post & Gardner,* contra.

FELTON, Chief Judge. 1. The petition did not set forth a cause of action for breach of contract for the reasons: (1) that the

plaintiffs, the insureds under the policy did not allege that the defendants were the agents of the plaintiffs, but on the contrary alleged that they were agents of the insurance company represented by the defendants; and (2) that, even if it had been alleged that the defendants were the plaintiffs' agents, there was no consideration for the promises and representations allegedly made by the defendants. The premiums due and paid under the policy were solely for the protection given by the policy and were not intended to cover fees or premiums for waiver of any provisions of the policy nor was there any obligation under the terms of the policy to waive any of its provisions in consideration of premiums accrued or paid, or otherwise. Furthermore an insurance agent, as distinguished from an insurance broker, cannot in Georgia be the agent of an applicant for insurance and an insurance company at the same time as to any particular transaction without the consent of both principals. *Ramspeck* v. *Pattillo,* 104 *Ga.* 772 (30 S. E. 962, 42 L.R.A. 197, 69 Am. St. R. 197) ; *Manis* v. *Pruden,* 145 *Ga.* 239 (88 S. E. 967). In Emery *v.* Lord, District of Columbia, 29 D.C. 589, the defendant agent who was sued for damages for failure to obtain a vacancy permit for which cash premiums were paid in advance, was an insurance broker and not an insurance agent representing as such the company issuing the policy. The third reason why the petition does not allege a cause of action against the agents of the insurer for a breach of contract is that, where the agency is disclosed, the agent is not liable where he has not made an individual undertaking or comes under some other exception to the general rule, neither of which is present in this case. *Pearl Assurance Co. Ltd.* v. *Bernath,* 185 *Ga.* 737 (2) (196 S. E. 389) ; *Smith* v. *White,* 75 *Ga. App.* 303 (43 S. E. 2d 275) ; *Scoggins* v. *Hill,* 90 *Ga. App.* 283, 285 (82 S. E. 2d 739).

2. The petition did not set forth a cause of action in tort against the defendants. In the absence of a valid contract with the agents as individuals or their principal none of them owed the plaintiffs any duty of any kind the violation of which would give rise to any kind of cause of action. If there were a valid contract with the principal there would have to exist on the agent's part, not only a duty to his principal which was breached, but also the breach of a duty to a third person arising as a matter

of law from the relationship of the parties. 2 Am. Jur. 262, Agency, § 333. Here there was no such duty to a third person. Whatever obligation to exercise ordinary care there was arose solely by reason of contract if it arose at all. *Atlanta Gas Light Co.* v. *Newman,* 88 *Ga. App.* 252 (76 S. E. 2d 536). Since there was no contract between the plaintiffs and the insurer to obtain a waiver, based on a valid consideration, and since, if there had been such a valid contract, the defendants would not have been liable for damages for a breach thereof since they did not owe the plaintiffs any duty apart from the contract itself, the defendants are not liable in tort for a failure to obtain a waiver of the vacancy provisions of the policy.

3. Another reason why the defendants are not liable in tort for the damages claimed is that they presumptively had possession of the policy and were charged with the knowledge that they could not obtain a valid waiver of the vacancy provisions of the policy except by a written endorsement attached to the policy, and their loss is attributable to their own negligence.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Nichols, J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. Solely for the reasons stated in the third division of the opinion do I concur in the judgment of affirmance.