37296. CUTTINO *v.* MIMMS, Administratrix.

DECIDED SEPTEMBER 19, 1958.

*James A. Mackay, McCurdy, Candler & Harris, J. Robin Harris,* for plaintiff in error.

*Sam Phillips McKenzie,* contra.

GARDNER, Presiding Judge. ■ We will deal first with the demurrers filed by the defendant to the plaintiffs' petition. We have set out the petition somewhat in detail. It is our opinion that the petition is sufficient to withstand a general demurrer notwithstanding what was said by this court in *Vandalsem* v. *Caldwell,* 33 *Ga. App.* 88 (7) (125 S. E. 716), a case cited by counsel for the defendant which states as follows: "The test of the sufficiency of a petition as against a general demurrer is whether the defendant can admit all the allegations therein contained and at the same time escape all liability." · In *Callan Court Co.* v. *Citizens & Southern Nat. Bank,* 184 ·*Ga.* 87, 126 (190 S. E. 831) the Supreme Court said: "The demurrer admits to be true only properly pleaded allegations. It does not admit opinions or conclusions of the pleader." However, on the other hand this court has many times held that if a petition sets forth a cause of action "on any theory" the petition may not be dismissed on general demurrer. See *Gay* v. *Healan,* 88 *Ga. App.* 533 (77 S. E. 2d 47). In construing a general demurrer it must be assumed that the facts are true as alleged. Under the facts as alleged in the petition the court properly overruled the general demurrers.

■ ■ In paragraph 2 the defendant demurred specially to paragraph 21 of the petition. That paragraph of the petition

alleges that the plaintiffs were required to pay $13,000 to have building defects corrected. The demurrer is to the effect that that paragraph of the petition did not specify what defects were corrected, the individual costs of remedying each defect and to whom the money was paid. It is true, as pointed out by counsel for the defendant, that the defendant is entitled to be fully informed of the facts which are relied upon by a plaintiff as a part of the cause of action. See *McMath Plantation Co.* v. *Allison & Co.,* 26 *Ga. App.* 744 (107 S. E. 420). All that is required of a petition is reasonable certainty as to essential statements. It is not necessary that any particular paragraph of a petition carry complete particularities where reasonable inferences from statements made readily suggest the facts. See *Flint River & Northeastern R. Co.* v. *Maples,* 10 *Ga. App.* 573 (73 S. E. 957). In *Fite* v. *McEntyre,* 77 *Ga. App.* 585, 595 (49 S. E. 2d 159) this court said: "All that a special demurrer requires of a petition is reasonable definiteness and certainty, and it does not require that the pleader must indulge in needless particularities." This special demurrer is not meritorious.

The special demurrer set out in paragraph 3 assigns error because it is alleged that the first sentence of paragraph 22 of the petition is a conclusion of law, is erroneous, is prejudicial, is inflammatory and is not germane to the issue in the case. The work of an architect must be suitable and efficient for the purposes in hand. However, the degree of skill and that which may be required of an architect in the preparation of his plans is, in our opinion, a question for the jury. The court properly overruled this special demurrer and the question thus was properly submitted to a jury.

Paragraph 4 demurred specially to the petition as a whole and particularly to paragraphs 22 and 24 of the petition for the reason that it is alleged that the petition presents a misjoinder of causes of action because, says the special demurrer, paragraph 22 alleges ex contractu damages and paragraph 24 alleges ex delicto damages and an election should be made as to whether the suit is brought ex contractu or ex delicto. It is true that claims arising ex contractu can not be joined in the same suit with claims arising ex delicto. See *Hartley* v. *Folds,* 24 *Ga.*

*App.* 456 (101 S. E. 130) and *Montgomery* v. *Alexander Lumber Co.,* 140 *Ga.* 51 (78 S. E. 413). Counsel for the defendant cites *Louisville & Nashville R. Co.* v. *Spinks,* 104 *Ga.* 692 (30 S. E. 968), and *Milledgeville Water Co.* v. *Fowler,* 129 *Ga.* 111 (58 S. E. 643) to sustain the position that the trial court should have sustained these special demurrers. We have read these cases and do not feel that the facts and pleadings shown there are not in accordance with the facts and pleadings in the instant case and are not cause for reversal. We feel constrained to point out that the plaintiffs alleged various ways in which the architect breached the contract, all apparently regarding the defective plans and specifications and the construction of the building. Moreover, the defendant in his testimony admitted a duty to refuse to approve any work which did not meet the specifications set forth by the architect. This whole case rests on the theory of law of whether or not the architect breached the duty imposed upon him as to getting the building erected according to plans and specifications suitable for the purpose intended. In the ruling in *Raines* v. *Rice,* 65 *Ga. App.* 68 (15 S. E. 2d 246) the petition rests upon an action ex contractu. See also *Milledgeville Water Co.* v. *Fowler,* 129 *Ga.* 111, supra, and *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (95 S. E. 752). It is clear to us that the petition was based on an ex contractu relationship and this special demurrer was properly overruled.

Paragraph 5 of the demurrer alleges that paragraph 22 of the petition alleges loss because of neglect of duty on the part of the architect and that the proper measure of damages did not take into effect the actual losses suffered by the plaintiffs but should be predicated solely upon the "cost of remedying the defect" or "the difference between the value of the building as designed and built and the value it would have had if it had been properly designed and constructed." Counsel for all parties rely on what was said in 3 Am. Jur. 1012, § 20. When we read what was said there, and compare it with the pleadings in the instant case, it is clear to us that the petition alleges substantially that the cost of remedying the defect is $13,000 or more. This special demurrer was properly overruled by the court.

■ We come next to determine the merits of the general grounds. We have set out the evidence in detail and will discuss some of it regarding the special grounds. As we study this case it becomes increasingly clear that the verdict is amply warranted and that therefore the general grounds have no merit.

■ (a) Special ground 1 assigns error because the contractor who corrected the alleged errors of the original contractor testified substantially that it was the duty of the architect to inspect the building as it progressed and to see that the contractor carried out the plans and specifications.

This witness, who had qualified as an expert, testified at great length regarding specific instances of workmanship on the part of his predecessors, which work was not consistent with sound construction principles. Certainly the witness should have known of the practice in the trade and the duty of an architect, employed and working as was the defendant here to inspect and see that the house was built according to plans and specifications. If error, this would seem to be harmless error, in view of this whole record. This special ground is without merit.

■ Special ground 2 assigns error because the same witness as referred to in (a) above, testified that certain door jambs were put in incorrectly and that "they would have probably had to come down anyway." It must be remembered that this witness was testifying as an expert in order to prove the case as pleaded. The witness pointed out the defects in the workmanship regarding the door jambs (as well as other defects). This observation on his part was so self-evident that the special making of the statement was harmless, in view of the whole record.

■ Special ground 3 assigns error because the same expert witness referred to in passing upon special grounds 1 and 2 testified that the cost of work which he did, was $13,000 to $14,000. In view of the fact that the work was done some seven years before the witness was testifying and in view of testimony of other witnesses as to cost of labor, and in view of the fact that the jury brought in a verdict in favor of the plaintiffs for less than $13,000, we consider this statement of the witness harmless to the defendant. This special ground is not meritorious.

■ Special ground 4 is substantially the same as special ground 3, in principle. This special ground is not meritorious.

■ Special ground 5 assigns error because it is alleged that checks in the amount of $13,212.63 were not positively identified by Mr. Mimms as being checks paid out for corrective repair work. The record shows in detail what the checks were paid out for and in view of the fact that the jury returned a verdict for less than $13,212.63 it appears that they knew that some of the money possibly should have been spent for work other than for corrective repair work. Counsel for the defendant cross-examined both the witness Thompson and the witness Mimms regarding the cost of repairs and thus waived objection to evidence regarding the repairs. See *Rabun* v. *Wynn*, 209 *Ga.* 80, 83 (70 S. E. 2d 745). Moreover, witnesses are not required to give testimony with absolute positiveness. See *Carter* v. *Lipsey*, 70 *Ga.* 417. This assignment of error is not meritorious.

■ Special ground 6 assigns error because it is alleged that the court erred in giving the following excerpt in charge: "I charge you further that an architect may be held liable for his negligent failure to fulfill a contractual obligation to supervise construction, if you find that he did fail to carry out his contractual obligation." It is contended that this statement by the court was an intimation to the jury that negligence or failure to exercise ordinary care by the defendant had been shown by the evidence. The record shows that one witness testified that "it was one of the worst [original] jobs I have ever seen" and there was much other evidence to the same effect, sufficient for the court to charge regarding liability on the part of the architect for negligence in failing to carry out his obligation. This assignment is not meritorious.

■ Special ground 7 assigns error because it is alleged that the court erred in charging the jury that, if they found that the plaintiff was entitled to recover, they should bring in a verdict for one sum, not two sums. The evidence indicated damages resulting because of the defendant's breach of duty resulting in over $13,000 repair bills plus $2,156.83 paid for material never delivered. The jury returned a verdict for less than $13,000. Under these circumstances a charge as given by the court is in

order. There was evidence to sustain a larger verdict than that returned by the jury. See *Peninsular Naval Stores Co.* v. *State*, 20 *Ga. App.* 501, 505 (4) (93 S. E. 159). This assignment of error is not meritorious.

The court did not err in the rulings regarding the demurrers, nor did the court err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*