38337, 38351. BOWDOIN v. KINGLOFF *et al.;* and
*vice versa.*

38348. KINGLOFF *et al.* v. BOWDOIN.

Townsend, Judge. 1. "Where a motion for new trial was made on several grounds, and was granted on one of them only, the others thereby being impliedly overruled, and exception was taken to the grant of the motion, a cross-bill of exceptions would seem to be necessary in order to have the question made by the overruled grounds considered." *Wingfield v. Rhea,* 77 Ga. 84, 85 (3). See also *Singleton v. Southwestern R.,* 70 Ga. 464 (48 Am. Rep. 574); *Nicholas v. Tanner,* 117 Ga. 223 (1) (43 S. E. 489). It follows that where, as here, the plaintiff in the trial court filed a bill of exceptions after verdict and judgment in his favor complaining of the grant of the defendant's motion for a new trial on one special ground only, it was proper for the defendant in the trial court by cross-bill of exceptions to assign error on the denial of his motion for a new trial on the remaining general and special grounds, as well as on the overruling of his general demurrer to the plaintiff's petition. The motion to dismiss the cross-bill of exceptions in case No. 38351 is denied. The defendant's main bill of exceptions in case No. 38348 is thus rendered unnecessary, since it involves the same assignments of error as those raised by the cross-bill, and the motion to dismiss that case is accordingly granted.

2. *Code Ann.* § 81-1001 provides in part: "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment." It follows that any order on demurrer allowing time to amend is not a final order and is not subject to review, even though, as here, such judgment overrules a general demurrer and sustains certain special demurrers with leave to amend within 15 days. *Atlanta Newspapers, Inc. v. McLendon,* 95 Ga. App. 601 (98 S. E. 2d 195). And where, after a material amendment, the demurrers are not renewed, the original questions raised by demurrer become extinct and nugatory. *McCormick v. John-*

*son*, 213 Ga. 544 (100 S. E. 2d 195); *Jenkins v. Jenkins*, 212 Ga. 211 (91 S. E. 2d 491).

3. The trial court instructed the jury as follows: "Ordinarily, one who accepts a building such as is here involved, and concludes an offer of bargain and sale, will be deemed to have waived defect of workmanship and materials, unless such acceptance was induced by fraud. However, if such an acceptance is coupled with a promise that defects observed at the time of acceptance will be corrected by them, then and in that event acceptance does not constitute a waiver and the seller or other person under obligation to make a deed would be liable to one accepting the deed under such circumstances, in such sum or sums as would be reasonably necessary to correct the defects." In special ground 5 of the amended motion for a new trial the defendant assigned error on this portion of the charge on the ground that it was an incorrect charge on the measure of damages. The record shows that the petition originally alleged as the measure of damages the difference between the market value of the house which was the subject matter of the contract in its condition of the faulty construction, and the market value of the house had such construction been corrected as allegedly promised by the defendant. The defendant demurred on the ground that an improper measure of damages was set out and that the "correct measure of damages would be the cost of correcting the defects complained of." This special demurrer was sustained and the plaintiff thereafter amended to show the cost of each item of repair, and both evidence and the charge of the court were predicated on the theory that this was the correct measure of damages. No further demurrers were filed or renewed. One who procures a ruling on the construction of pleadings in accordance with his contention cannot thereafter complain that such construction was erroneous. *Raines v. Rice*, 65 Ga. App. 68, 71 (15 S. E. 2d 246); *Neal Loan &c. Co. v. Chastain*, 121 Ga. 500 (2) (49 S. E. 618). The court charged the measure of damages successfully contended for by the defendant in the ruling on demurrer, and the defendant was thereafter estopped to complain that the petition as amended to meet the demurrer and ruling thereon set out a wrong measure of damages. Since the court instructed the jury on the measure of damages in accordance with the defendant's contention, the charge was not in any event error of which

the defendant could complain, and it was error to grant the motion for a new trial on that ground.

4. (a) The plaintiff's cause of action against the defendants, doing business as Kingloff-Travis Realty Co., is based on the premise that the defendants contracted to sell the plaintiff a certain house on December 8, 1955, and did sell him said house on Feburary 27, 1956; that the defendants, as an inducement to and contemporaneously with the execution of the contract of sale, orally agreed with the plaintiff that they would brick veneer a part of the house exterior under the carport which had been finished in wood; would repair certain defective ceramic tile in a bathroom, and would repair any other defects which appeared within a year of the sale; that numerous other defects did appear within a year of occupancy, but the defendants have failed to make any of these repairs, to the plaintiff's damage. The case consequently is laid in contract, either on a failure of consideration or on the breach of a contemporaneous oral agreement. The proof further showed that although the sale contract was between Kingloff-Travis Realty Company, seller, and D. H. Bowdoin, purchaser, the deed was executed by the actual owner of the property, Housing Development Corporation, and was made to Mr. and Mrs. Bowdoin as tenants in common, and further shows that the actual seller executed a "Warranty of Completion of Construction in Substantial Conformity with Approved Plans and Specifications" as required by the Federal Housing Administration. One cannot claim under a deed and at the same time deny its terms. *McCleskey v. Ledbetter,* 1 Ga. 551, 557; *Thrower v. Wood,* 53 Ga. 458; *George v. Dortch,* 149 Ga. 20 (98 S. E. 605); *Williams v. Harris,* 207 Ga. 576 (1) (63 S. E. 2d 386). It thus appears that the plaintiff's evidence totally failed to support the facts alleged so as to give him a right of action based on breach of warranty, for the reason that these defendants were not the owners and vendors of the property.

(b) Considered as an independent oral agreement between the plaintiff and the defendants, the cause of action likewise fails. While "a distinct collateral oral agreement, not inconsistent with a written contract, is not necessarily merged therein, and one contract may be the consideration of another, the inducement to its execution, and an independent oral agreement which has been so induced may be proved and

enforced though not referred to in the written contract" (*Langenback v. Mays*, 205 Ga. 706 (1), 54 S. E. 2d 401, 11 A. L. R. 2d 1221), any contract, including such a collateral oral agreement, is enforceable only because it has within itself all the essentials of a contract, and must rest upon a valid consideration or it will be nudum pactum and unenforceable. *Alexander Film Co. v. Brittain*, 63 Ga. App. 384 (3) (11 S. E. 2d 66).

The petition here alleged that the promise of the defendants to repair certain stated defects and any other defects which might be discovered within a year was made contemporaneously with and as an inducement for entering into the contract of sale in December, 1955, and also that the promises were made in order to induce the plaintiff to close the contract in February, 1956. In so far as the first date is alleged, the proof upon the trial failed to substantiate the allegation. It appears from the plaintiff's testimony that no defects were discovered and no promises were made until after the contract of sale had been signed on December 8, 1955, and it is therefore obvious that no such oral agreement could have constituted an inducement to enter into the contract of sale.

(c) The oral promise of the defendants to make certain repairs on the house as a consideration for the plaintiff "closing the sale" is likewise insufficient to sustain this action. It should be made clear here that the action does not proceed on the theory that this is an independent and personal undertaking of the defendants, in order to induce the plaintiff to deal with another in a sales transaction, for the plaintiff grounded his case on the theory that the defendants sold him the property, whereas the proof showed that he purchased it from a corporation which was the true owner and that the defendants were acting as agents. But the plaintiff contends that since the agency was undisclosed he has a right to sue the defendants as principals. Even if the question of agency did not enter into this case it would appear that under the doctrine of merger the plaintiff would be foreclosed, since "Parol evidence is inadmissible to impose additional and other terms dependent upon a prior or contemporaneous parol agreement by which the seller was to make certain improvements on the premises as a part of the contract of sale." *Roberts v. Investors Savings Co.*, 154 Ga. 45 (113 S. E. 398); *Slaten v. College Park Cemetery Co.*, 185 Ga. 27 (1) (193 S. E. 872).

An exception is made where the deed constitutes only a part performance of a preceding contract, as in *McKee v. Cartledge*, 79 Ga. App. 629 (54 S. E. 2d 665), where the sale contract recited that the house was under construction at the time of purchase and further evidence was admissible to show an agreement entered into at that time as to the method of completion. The facts of this case are similar to those of *Smith v. White*, 75 Ga. App. 303 (43 S. E. 2d 275), where the plaintiff agreed to purchase a certain house from the defendant, one of the contract stipulations being that possession would be given on a date certain. The plaintiff dealt with the defendant as principal and only when the defendant's wife signed the deed did he discover that the defendant was not the owner but was acting as agent for his wife. Possession of the property was not delivered on the date named in the contract of sale, and the plaintiff sued the defendant for damages. The court held: "It appears, therefore, from the petition itself that after the execution of the executory contract of sale and purchase but before its final performance, the principal was made known to the plaintiff and he accepted the deed of the principal as performance of the executory contract and thereby indicated his choice to deal with the principal, and an election deliberately made, with knowledge of facts and absence of fraud, is conclusive, and the party who has once elected can claim no right to make a second choice. . . . However, as between the parties, and as we have pointed out the plaintiff elected to treat the wife as the opposite party, it is well settled that where a deed has been executed reducing the preliminary contract for the sale of land to a finality, the terms of the preliminary contract are merged into the deed, and the terms or conditions or recitals contained in the preliminary sales contract which are not included in the deed will be considered as eliminated, abandoned, or discarded, and the preliminary contract functus officio." Thus, in the present case the defendants cannot be treated as undisclosed agents for the reason that after their agency was revealed the plaintiff elected to deal with the owner as principal by accepting the deed to the property and closing the sale. Having made this election, he is bound by it. The promise, if it could be said to be an independent undertaking on the part of the agent, had no consideration, for no new consideration was shown

other than that already agreed to in the sale contract. If such promise was enforceable as the promise of the agent made within the scope of his agency, it was merged in the final transaction; if not merged therein, for any reason, the right of action based upon such agency would necessarily be against the principal, and this, as pointed out above, is not even contended for by the plaintiff here. See also *Fields v. Goldstein,* 97 Ga. App. 286 (102 S. E. 2d 921). Since the proof on the trial of the case conclusively shows that the defendants did not sell the plaintiff the property in question but acted as agents of another; that the agency was disclosed at the time of the closing and the plaintiff elected to deal with the owner of the premises as principal and accept a deed from such owner, and the evidence also fails to show any independent undertaking on the part of such agents supported by any consideration, the evidence did not authorize a verdict in favor of the plaintiff. The remaining special grounds of the motion for a new trial assigned as error in the cross-bill of exceptions are not passed on since they are unnecessary to this decision and are unlikely to recur on another trial of this case.

The trial court erred in granting the motion for a new trial as to the fifth special ground, and in denying the motion as to the general grounds.

*Judgment reversed on main bill and on cross-bill of exceptions. Bill of exceptions in case No. 38348 dismissed. Carlisle and Frankum, JJ., concur.*

DECIDED OCTOBER 28, 1960—REHEARING DENIED NOVEMBER 15, 1960, AND DECEMBER 2, 1960.

*Reeves & Collier,* for Bowdoin.

*Marvin O'Neal, Jr., Lewis Cenker,* for Kingloff et al.

ON MOTION FOR REHEARING.

It is contended on rehearing that because testimony of the plaintiff to the effect that they would brick up the wall under the carport and correct certain defects "as a condition to the closing" was admitted without objection, this court has erroneously reversed the case on the general grounds. *Swanson v. Mobley,* 33 Ga. App. 791 (127 S. E. 806) and similar cases cited in this connection hold that, regardless of the doctrine that preliminary negotiations are merged in the written instrument

and parol evidence will not be admitted to vary its terms, nevertheless, if such evidence is admitted without objection and *if it sustains the verdict rendered* a new trial should not be granted on the general grounds. The evidence here fails, however, for the reason that the case is laid upon inducements and a sale contract between the plaintiff and the defendants, but the actual sale was between the plaintiff and another as buyers and a corporation for whom the defendants were acting as agents as seller. As stated in *Smith v. White,* 75 Ga. App. 303, supra, the plaintiff by accepting the deed (as well as the warranty) of the seller made his election to deal with the latter, and he has no second choice.