## 48059. PARSON v. CENTRAL OF GEORGIA RAILWAY COMPANY.

PANNELL, Judge. This is an appeal from the order of the trial court granting defendant-appellee's motion for a summary judgment. Plaintiff-appellant's complaint sought to recover damages for the wrongful death of her husband. Defendant-appellee is a common carrier for hire and in that capacity maintained a public railroad crossing located on Avondale Mill Road in Bibb County, Georgia.

On January 12, 1969, approximately 4:10 a.m., one of defendant's freight trains was traveling from Columbus, Georgia to Macon, Georgia. Traveling in an easterly direction towards Macon there is a curve which bends to the left, approximately one-quarter mile from the Avondale Mill Road crossing. At night, as the train comes out of the curve, the crew could see approximately one-quarter mile. As they came out of the curve heading towards Avondale Mill Road crossing, they saw an automobile on the railroad tracks without any light approximately one-quarter mile away, with the front of the car nosed eastward, and the back end of the car towards the approaching train. Immediately, upon seeing the car, the engineer applied the brakes which locked all the wheels on the entire train and at the same time started ringing the bell and blowing the engine horn. There was a blowpost approximately 1,200 feet west of the crossing, but the engineer began blowing the horn and ringing the bell prior to reaching the blowpost. The speed of the train at the time the brakes were applied was 55 miles per hour. No movement at all was seen in the car and no vapors were seen coming from the car exhaust. The train collided with the car.

The train weight was 7,770 tons and after colliding with the rear of the automobile the train and the car traveled approximately 1,800 feet before stopping. The engineer estimated the speed of the train at 45 to 50 miles per hour at the time of impact with the automobile. After the train came to the stop, the engineer and other crew members in the engine got out and examined the car and saw a man inside, but although they attempted to open the automobile doors, they could not do so because the doors were jammed.

The crossing was marked with the usual railroad cross arms and stop signals. There were no lights on the automobile at any time. No one was seen in the automobile before the collision.

1. "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324); *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805).' This is true because the burden to show that there is no genuine issue of material fact rests on the party for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue of concern; and rests on him whether he is by it required to show the existence or non-existence of the facts.' Moore's Federal Practice Vol. 6 (2d Ed.), par. 56.15[3], p. 2342. See also *Colonial Stores v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 206 (163 SE2d 256); *International Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298)." *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147, 148 (173 SE2d 114).

2. "A primary purpose of the summary judgment procedure is to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings." *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193).

3. Where a party to a case, upon whom the burden of proof upon the trial of the case does not lie, makes a motion for summary judgment, all of the evidence adduced on said motion, including the testimony of the party opposed to the motion, is construed most strongly against the movant. *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (183 SE2d 78).

In the instant case all the evidence, including that presented by the defendant, demands a finding that the defendant was not negligent. Defendant, therefore, met the burden of producing evidence, which conclusively negated at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. No genuine issue of material fact remained on this element. The trial court did not err in granting summary judgment to defendant-appellee.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED APRIL 10, 1973 — DECIDED MAY 17, 1973 — REHEARING DENIED JUNE 15, 1973.

*Joel A. Willis, Jr.,* for appellant.

*Harris, Russell & Watkins, Joseph H. Chambless, John B. Harris, Jr.,* for appellee.