## 48809. WRIGHT BODY WORKS, INC. v. COLUMBUS INTERSTATE INSURANCE AGENCY.

CLARK, Judge.

"Where an insured has possession of a policy of insurance, and where an examination of that policy would reveal an amount of insurance less than that necessary to completely cover a casualty loss of the insured, is the insured in an action against the agent who procured the insurance entitled to damages for the failure of the agent to procure a sufficient amount of insurance?" The appellee's brief thus succinctly states the question presented for our decision.

Wright Body Works, Inc. applied in 1968 to Columbus Interstate Insurance Agency for business interruption insurance. A financial audit was supplied from which the agency calculated the amount of insurance required by the co-insurance provisions. Two policies were issued through the agency and delivered to the insured. These were identical and provided coverage for three years beginning August 6, 1968. The insured admits these policies were never examined. A fire loss occurred on June 28, 1971, more than two years and ten months after delivery of the policies. In the interim the insured had supplied the agency with additional audits at the end of each of two fiscal years but no changes were made in the policies. The actual loss sustained by the

insured was $74,919.15. After plaintiff was paid $46,444.40 by the two insurance companies, Aetna and Firemen's Fund, the instant suit for the difference of $28,474.75 was brought against the insurance agency contending this loss was "due to negligent errors and omissions made by the defendant."

The negligence alleged was that the defendant agency "miscalculated on 'gross profit' figures of the plaintiff's business rather than on 'gross earnings' figures of the plaintiff's business as called for and required by the insurance contracts and policies issued by the defendant." (R. 4). Each policy defined the manner in which "gross earnings" were to be computed and each contained a 70% co-insurance clause.

Defendant agency moved for summary judgment based upon the terms of the insurance policies and cross examination testimony of the president of the plaintiff corporation which established that the two policies had never been examined during the period of two years and ten months that the policies had been in insured's possession. This motion for summary judgment was sustained from which this appeal was taken.

1. In contrast with some foreign jurisdictions our Georgia courts have expressly ruled that an insured having possession of an insurance policy is charged with knowledge of the amount of coverage therein provided. *Fields v. Goldstein,* 97 Ga. App. 286, 288 (3) (102 SE2d 921) which the Supreme Court affirmed on certiorari in 214 Ga. 277 (104 SE2d 337) without an opinion, the court noting that such affirmance was "after a careful consideration." This was followed by our court in *S & A Corp. v. Berger & Co.,* 111 Ga. App. 39 (140 SE2d 509). Upon affirming the grant of a summary judgment for a defendant insurance agent Judge (now Justice) Nichols concluded that "Consequently the appellant being, under the law, charged with knowing the terms and conditions of the policy, any negligence, if any, on the part of the defendant in failing to procure the amount of insurance coverage contracted for could have been avoided by the plaintiff and therefore a finding for the defendant is demanded." Judge (now Justice) Hall concurred specially on the basis of our court being bound by the Supreme

Court affirmance in *Fields v. Goldstein,* supra, even though he expressed his personal preference based upon authorities from other jurisdictions that the matter of "plaintiff's own negligence in not reading his policy should be submitted to the jury."

The most recent case in which this court was called upon to deal with this question is *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334). There the plaintiff did not open the envelope containing the policy until after the loss which occurred nine months later. Division 13 of that opinion beginning on the last line of page 172 contains the principles and authorities determinative of the case sub judice. We therefore deem it proper to quote it in full: "13. That the plaintiff-insured was under a duty to examine his policy and ascertain for himself what coverage he had is well settled. [Cits.] It appears that the plaintiff received the policy in the mail and kept it without opening the envelope for something like nine months. Thus, he made no effort whatever, *until after the loss,* to determine what his coverage under the policy was. He was charged by law with knowledge of the coverage. [Cits.] The insured was not only free to examine the contract, he was under a duty to do so, and if he had done that he would have observed just what coverage it provided to him. If it was not what he wished to have he could have renegotiated his contract, or, if the company was unwilling to do that, he could have returned it as unacceptable and negotiated a contract with another company. If he had done so it probably would have involved a greater premium than was demanded under the contract that was delivered and which he kept, for it would have increased the risk. [Cit.] '[I]f. . . the policy issued [was] essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as written. [Cits.]' *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, 197 (194 SE 530). 'When a policy of insurance, duly delivered to the applicant differs materially from the kind of policy for which he applied or intended to apply, it is his duty, if he does not desire to accept the policy issued to him, to return or offer to return the same, within a reasonable time, . . . and if the applicant neglects

to examine the policy delivered to him,' the contract is binding and he must pay the premium. [Cit.]"

See also the opinion of this court in *Hawkins Iron & Metal Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (196 SE2d 903). There the insured's suit against both the agent and the insurer charged that the agent with knowledge of the insured's business practices had made a comprehensive review of the insured's policies and then represented to the insured that it was "fully covered in all areas." Our holding was against the insured because of the principle that an insured is charged with knowledge of the contents of the insurance contract. See also *Sutker v. Pennsylvania Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694).

2. Does the fact that this appeal involves a summary judgment in which plaintiff sues on the theory of negligence require the matter to be submitted to a jury as to the plaintiff's failure to exercise the duty of ordinary care? It should be noted that both *Parris & Son v. Campbell,* supra, and *Hawkins Iron & Metal Co. v. Continental Ins. Co.,* supra, were summary judgment cases and decided after *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294). Even though questions of negligence, diligence and contributory negligence are not ordinarily susceptible of adjudication on summary judgment, our appellate courts have in many instances ruled that the clear failure of the plaintiff to exercise the required duty of ordinary care entitles a defendant to such summary judgment. Examples are *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6); *Taff v. Harris,* 118 Ga. App. 611 (164 SE2d 881); *Crawford v. McDonald,* 125 Ga. App. 289 (187 SE2d 542); *Seaboard C. L. R. Co. v. Sheffield,* 127 Ga. App. 580 (194 SE2d 484); and *Parson v. Central of Ga. R. Co.,* 129 Ga. App. 218 (199 SE2d 396). As was said in *Fields v. Goldstein,* 97 Ga. App. 286, 288 (3) (102 SE2d 921): "[T]heir loss is attributable to their own negligence."

3. Where, as here, the record discloses the absence of any right of recovery in the plaintiff, the grant of summary judgment to defendant is proper. Code Ann. §§ 81A-156 (c) and 110-1203; *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *Tingle v. Arnold, Cate & Allen,* 129 Ga.

App. 134 (199 SE2d 260).

*Judgment affirmed. Eberhardt, P. J., Stolz and Webb, JJ., concur. Deen, J., concurs specially. Bell, C. J., Pannell, P. J., Quillian and Evans, JJ., dissent.*

ARGUED JANUARY 7, 1974 — DECIDED JUNE 18, 1974 — REHEARING DENIED JULY 10, 1974 — ▆▆▆▆▆▆

*Martin, Kilpatrick & Davidson, Paul Kilpatrick,* for appellant.

*Kelly, Champion, Denney & Pease, Edward W. Szczepanski, Jr.,* for appellee.

DEEN, Judge, concurring specially.

Assuming arguendo that five judges in a five to four vote can overrule a previous whole court case where there was a six to three vote, then I stand ready and willing to overrule and disapprove the whole court case of *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) as well as the case of *Hawkins Iron & Metal Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (196 SE2d 903). The identical issue is involved in both of these cases as well as the case under consideration, and that is the duty of the insured to read and know what is in his policy.

If *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294) is applicable and controlling now it was also applicable and controlling when this court by a six to three vote adopted *Parris,* supra. Unless this whole court case is overruled it is binding upon this court, cannot be ignored, and must be followed.

I believe *Hawkins,* supra, is in error for the additional reason that it is in conflict with the whole court case of *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (174 SE2d 591). In the *Hawkins* case the plaintiff insured renewed his contract after the agent represented to the insured that it was "fully covered in all areas," citing *Reliance Life Ins. Co. v. Hightower,* 148 Ga. 843 (a) (98 SE 469) which says: "The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." However, the Supreme Court of Georgia in *Metropolitan Life Ins. Co. v. Hale,*

177 Ga. 632 (170 SE 875) citing *Johnson v. Aetna Ins. Co.,* 123 Ga. 404 (2) (51 SE 339) has made the clear distinction: "Limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy." Since knowledge of the agent is knowledge of the company and there being no written application shown of limitation of the agent's authority prior to the taking out of insurance *Hawkins* is in direct conflict with *Allstate* and *Metropolitan,* and must be overruled.

PANNELL, Presiding Judge, dissenting.

I concur with the dissent of Judge Quillian, but also wish to add the following:

I have no quarrel with the holdings in *Fields v. Goldstein,* 97 Ga. App. 286 (102 SE2d 921), as affirmed in 214 Ga. 277; and with *S & A Corp. v. Berger & Co.,* 111 Ga. App. 39 (140 SE2d 509), but I do not think they are controlling in this case. In *Fields,* supra, it is shown that plaintiff could have ascertained by examination of policy that a rider was not attached and prevented his loss. In *S & A Corp.,* supra, the examination of the policy by the plaintiff could have easily shown whether the amount was $7500 or $3000. The other cases cited in the majority opinion are distinguishable on like grounds. Here the representation that the policy was for the correct amount under co-insurance features was a computation that the agent was to make upon certain information being furnished by the insured. The fact that the insured failed to examine his policy was under the above cases negligence, but the question of proximate cause of his loss is not necessarily determined. Under complicated formulas (that party applying for insurance might or might not understand) as to co-insurance — the plaintiff in this case could have been unable to protect himself without expert advice. This, he went to the defendant to obtain. This negligence and its effect should be for the jury.

QUILLIAN, Judge, dissenting.

A determination of this case requires consideration of whether the rule set forth in the cases cited by the

majority should be applied as a matter of law on motion for summary judgment. First, let us review the basis of these decisions.

In *Fields v. Goldstein,* 97 Ga. App. 286, supra, one of the grounds for the decision was that the parties with possession of the policy were charged with knowledge of the provisions and thus their loss was attributable to their own negligence.

In *S & A Corp. v. Berger & Co.,* 111 Ga. App. 39, supra, this court held: "While it is true, under the record in this case, the defendant did fail to procure the amount of insurance coverage contracted for, yet *it was the plaintiff's own negligence in failing to check the amount of the policy coverage that was the proximate cause of plaintiff's loss. Code § 105-603.* Having the policy in its possession prior to the fire plaintiff was charged with the knowledge of the terms and conditions of the policy, namely and in particular that the policy coverage was for only $3,000 and not $7,500 as contracted for between the parties. *Fields v. Goldstein,* 97 Ga. App. 286 (102 SE2d 921). Consequently the plaintiff being, under the law, charged with knowing the terms and conditions of the policy, *any negligence,* if any, *on the part of the defendant* in failing to procure the amount of insurance coverage contracted for *could have been avoided by the plaintiff* and therefore a finding for the defendant is demanded." (Emphasis supplied.)

Both these cases are predicated on the plaintiff being barred by his own negligence and his failure to avoid the consequences of the defendant's negligence. Since the time of the rendition of those opinions the Georgia Supreme Court has held: "The conduct of a defendant cannot be declared to be negligent, as a matter of law, unless it has been so declared by a law-making body, and, in the absence of such a declaration the jury is the arbiter of the question of whether a defendant's conduct on a given occasion is negligent, and, if so, whether such negligence is the degree of negligence required for a recovery by a plaintiff." *Garrett v. Royal Brothers Co.,* 225 Ga. 533 (170 SE2d 294). In this same connection our court has held: "On their motion for summary judgment the same rule of law must be applied to a plaintiff as

against the contention of the defendants that her own negligence was the sole proximate cause of her injuries, that she did not exercise ordinary care for her own safety, and that by the exercise of such care she could have avoided being hurt, unless the conclusion is demanded as a matter of law that under no state of facts deducible from the evidence could there have been negligence on the part of the defendants. All inferences are in favor of the plaintiff in such a case." *LaBranche v. Johnson,* 127 Ga. App. 244, 245 (193 SE2d 228).

We recognize as an established principle of case law one is charged with knowledge of the terms and conditions of a policy or instrument which he has executed. However, there is no statutory law setting forth that one charged with presumptive knowledge of an instrument is negligent per se in not taking some action to avoid the negligence of one whom the party relied upon to make corrections in the policy. Applying the *Garrett* (225 Ga. 533) principle, a jury should determine whether the negligence of the plaintiff was such as to foreclose him from recovering from the defendant.

I can not agree with the majority that *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) and *Hawkins Iron & Metal Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (196 SE2d 903) are controlling. Both cases contain no reference to *Garrett,* supra, or the principle of negligence per se therein involved. While this court is bound by its own whole court, though divided, decisions (as *Parris & Son v. Campbell,* supra, was), in case of conflict the Constitution requires our obedience to rulings of the Supreme Court.

I am authorized to state that Chief Judge Bell and Judge Evans concur in this dissent.