20131

Leonly SESSIONS, Respondent, v. DICKERSON, INC., and Seaboard Surety Company, Appellants.

(220 S. E. (2d) 876)

*H. E. McCaskill, Esq.,* of Conway, *for Appellant,* cites:

*Messrs. Kenneth C. Inman* and *J. Reuben Long,* of Conway, *for Respondent,* cite:

December 15, 1975.

LEWIS, Chief Justice:

Respondent recovered a judgment against appellant, Dickerson, Inc., for actual damages sustained when he fell into a drainage catch basin installed by appellant on a highway

construction project in Horry County, South Carolina. Seaboard Surety Company was granted a non-suit prior to trial and is not a party to this appeal.

The issues on appeal are largely factual and involve a review of the record to determine (1) whether there was any evidence of actionable negligence on the part of appellant and (2) whether respondent was guilty of contributory negligence as a matter of law.

At the time of the accident, appellant was in the process of widening U. S. Highway No. 501 under a contract with the South Carolina Highway Department, so as to provide dual highways separated by a median strip thirty feet wide. Traffic was maintained during construction. Respondent's home, where he had resided for about twenty (20) years, was located adjacent to the highway about four miles north of Conway. His brother lived on the opposite side of the road. The portion of the highway between their homes was under construction on February 4, 1975, the date of the accident.

It was customary for respondent to cross the highway to go to his brother's home. In order to reach his brother's house it was necessary to walk along the roadway about 125 feet in one direction or about 200 feet in the other direction to reach a cross-over. Respondent used the cross-over on the night of the accident.

On the day of the accident, respondent crossed the highway with his wife during the daytime in going to his brother's house. After it was dark, about 7 p.m., he started to return to his home alone. In returning home, he did not follow the exact route used earlier in the day, but walked on the opposite side of the road in the median. He walked on the opposite side so as to face traffic, as required by law, and used the median because it was higher ground and it was "wet and nasty" alongside the roadway. It is inferable

that the poor condition of the shoulder immediately adjacent to the roadway caused respondent to walk along the median.

While returning to his home along the median, respondent stepped into a newly constructed catch basin, resulting in serious injury to his leg. Respondent had been away from home for about ten (10) days and was unfamiliar with recent construction changes on the highway, but had crossed the highway on many prior occasions in going to visit his brother.

The catch basin in question was constructed in the median about midway between the two roadways, with the top composed of metal rods. The basin contained no other protective cover and there were no flares or warning of its presence. There was testimony that, in the uncompleted condition of the highway, the grade of the median was level with the adjacent roadways and trash and debris had washed over the top of the basin concealing its existence.

It is inferable that appellant should have foreseen that the highway and median strip would be used by pedestrians and that leaving the catch basin concealed by debris and unguarded, under the conditions above stated, would probably result in injury to someone from stepping into it. The finding of the jury, implicit in the verdict, that the injury to respondent resulted from the actionable negligence of appellant is amply supported by the evidence.

Appellant contends, however, that, even if it was negligence to leave the catch basin unguarded, respondent was guilty of contributory negligence as a matter of law "by venturing forth in the darkness over an area with which he was not familiar when a known safe route was available to him." We cannot say that the only reasonable inference to be drawn from the evidence was that respondent negligently contributed to his injury. Respondent had a right to use the highway and, while he was chargeable with knowledge that the road was under construction, he had no reason

to know or expect that, with traffic maintained, he would encounter the catch basin.

The mere fact that respondent was proceeding in the dark at the time of his injury did not constitute contributory negligence as a matter of law. Similar contentions were rejected in *Smiley v. Southern Railroad Company*, 184 S. C. 130, 191 S. E. 895 and *Smith v. Fitton and Pittman, Inc.*, 264 S. C. 129, 212 S. E. (2d) 925. In *Smiley*, the plaintiff fell into a drain hole while crossing railroad tracks in the nighttime. The court there disposed of the issue of contributory negligence in the following pertinent language:

"The plaintiff's conduct in trotting across this area in the nighttime subjected him to the risks of tripping and falling on the rails and cross-ties, of which he was expected to know and of which he was taking his chances, but he had no reason to know of, or expect to encounter this hole. Even if he had been walking along casually or even picking his way, he might have fallen in the hole, . . . . It was for the jury to pass upon this issue."

The issues of negligence and contributory negligence were, under this testimony, properly submitted to the jury for determination.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

RHODES, J., not participating.