75120. SUIB v. SEABOARD SYSTEMS RAILROAD, INC. et al.
(365 SE2d 842)

CARLEY, Judge.

Appellant-plaintiff brought suit to recover for damages incurred when, at approximately 1:00 a.m., he drove his automobile into the fourteenth car of appellee-defendant Seaboard System Railroad, Inc.'s moving freight train as it passed through a marked crossing located on property belonging to appellee-defendant Vulcan Materials Company. There were no cross-bars or flashing lights at the crossing. However, approximately four hundred feet from the crossing, circular railroad crossing signs had been erected to alert drivers of its existence. Reflectorized railroad crossbucks and a reflectorized stop sign were also properly located near the crossing itself. Appellant was familiar with the crossing, having driven through it on two previous occasions. For at least one-half mile, the road, as it approached the crossing, was flat and straight. At the time appellant drove into appellee's train, the weather was good with no precipitation and there was no smoke or fog to impair visibility. On this evidence, appellees moved for summary judgment. Appellant appeals from the trial

court's grant of summary judgment in favor of appellees.

The contention that the trial court erroneously granted summary judgment in favor of appellees is controlled adversely to appellant by *Seaboard Coast Line R. Co. v. Sheffield*, 127 Ga. App. 580 (194 SE2d 484) (1972). The facts of this case cannot be sufficiently distinguished from those of *Sheffield*, supra, so as to mandate a differing result. Such factual dissimilarities as do exist, including the presence of rain in *Sheffield* and the existence of a stop sign at the crossing involved in this case serve to weaken rather than to strengthen appellant's case. Under the evidence of record, the trial court did not err in holding that the sole proximate cause of the collision was appellant's own negligent failure to obey the stop sign at the crossing through which he had passed on at least two previous occasions. "Where, as here, the line was completely visible at a distance of more than 100 feet down the road, there was no unusual weather condition obstructing visibility, and the train was complying with all other crossing safety requirements, the railroad simply had no duty to give any further warning of the presence of the train." *Seaboard Coast Line R. Co. v. Sheffield*, supra at 582.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 5, 1988 —
REHEARING DENIED FEBRUARY 2, 1988 —

*H. Michael Dever, Frank J. Beltran, Patricia M. Anagnostakis*, for appellant.

*William B. Brown, E. Alan Miller, Thomas S. Carlock*, for appellees.