A90A1457. MILLER v. APAC-GEORGIA, INC.
(399 SE2d 534)

McMURRAY, Presiding Judge.
Plaintiff Miller brought suit against Florida Rock Industries, Inc., Buffington & Smith Contracting Company and APAC-Georgia, Inc. ("APAC"). She alleged she was injured in an automobile collision as a result of defendants' combined negligence.

APAC contracted with the Georgia Department of Transportation ("DOT") for the widening of Highway 92 from two lanes to four lanes and it was engaged in that endeavor on September 28, 1987. On that date, at approximately 7:00 a.m., plaintiff was traveling north on White Mill Road toward the intersection of White Mill Road and Highway 92. (The roads intersect in a "T" pattern. Thus, as a motorist approaches Highway 92 from White Mill Road, the motorist must turn right or left onto Highway 92.) A stop sign was placed on White Mill Road at the intersection.

Plaintiff had driven through the intersection two or three times previously without incident. On the morning in question, plaintiff's infant daughter was sitting in an infant carrier on the front passenger

seat. The infant began to cry and plaintiff momentarily took her eyes off the road to locate a baby bottle. When she looked up, she realized that she was only two car lengths from the stop sign. She was traveling between 30 and 35 miles per hour.

Plaintiff applied the brakes — but her car did not stop. It slid on gravel, crossed Highway 92 and plunged down a 15-foot embankment into a construction area. Miraculously, plaintiff suffered only soft tissue injuries to her head, neck and knees and her daughter was not hurt.

Ultimately, plaintiff dismissed her claims against Florida Rock Industries, Inc., and Buffington & Smith Contracting Company.

APAC, the remaining defendant, moved for summary judgment and submitted the affidavit of its project manager in support of its motion for summary judgment. He testified that he supervised the construction on Highway 92; that the contract between APAC and the DOT did not require that guardrails be erected on the far side of Highway 92; that APAC complied with all of the contract requirements, including those which pertained to barriers and warnings; that he personally asked if a barrier should be placed on the far side of Highway 92 and was told by the DOT engineer that that was not necessary; that APAC complied with industry standards concerning the placement of warnings at construction sites; and that APAC did not haul any gravel in the area of White Mill Road and Highway 92.

Plaintiff submitted the affidavits of two experts in opposition to APAC's motion for summary judgment. One, a construction engineer, testified that the general contractor on a road construction project is responsible for maintaining the roadway free from loose gravel. The other, a police officer who investigated automobile accidents for over seven years, testified that plaintiff would have been able to stop her car before it crossed Highway 92 if gravel had not been scattered on the roadway.

The trial court granted APAC's motion for summary judgment and plaintiff appeals. *Held*:

1. APAC contends the trial court properly granted its motion for summary judgment because plaintiff's failure to keep a proper lookout and to stop at the stop sign was the proximate cause of her injuries. We disagree.

"As a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. [Cit.] The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable." *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336).

The evidence of contributory negligence on plaintiff's part is not plain, palpable and undisputable. Plaintiff's traffic investigation expert testified that plaintiff was unable to stop her car from going down the embankment because of the gravel on the roadway and the absence of a guardrail. Thus, even if plaintiff was negligent in failing to keep a proper lookout, a jury could conclude that plaintiff's negligence was not the proximate cause of her injuries. Compare *Suib v. Seaboard Systems R.*, 185 Ga. App. 713 (365 SE2d 842).

2. APAC points out that, in the absence of an inherently dangerous situation, a general contractor cannot be held liable for injuries to the public if it properly executes the DOT's plans and specifications pertaining to barriers and warnings. *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150 (361 SE2d 34). APAC argues that because it complied with all the specifications of the construction contract and the DOT did not require the erection of a guardrail on Highway 92, it cannot be held liable for injuries occasioned by the absence of the guardrail. APAC's argument in this regard is well taken. However, plaintiff contends that APAC was negligent in two respects: the failure to erect a guardrail and the failure to maintain the roadway free from loose gravel.

APAC asserts that it cannot be deemed negligent with regard to the loose gravel because it did not haul the gravel to the work site. This assertion misses the mark. APAC can be held liable if it negligently permitted the gravel to remain on the roadway. The burden was upon APAC, the summary judgment movant, to show that it was not responsible for the gravel on the roadway. APAC made no showing in this regard. Thus, at trial, plaintiff should be permitted to submit proof that APAC was negligent in failing to maintain the roadway free from gravel and that that negligence was the proximate cause of her injuries.

*Judgment reversed. Carley, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED NOVEMBER 15, 1990 —
REHEARING DENIED NOVEMBER 30, 1990 —

*Joe A. Weeks*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Robin L. Frazer*, for appellee.