681 S.E.2d 871

Ronald Earl SKINNER, Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Linda Drake, as Personal Representative for the Estate of Kimberly Cook, Richard S. Henson and Debra Henson, individually and d/b/a Mateeba Oaks Stables, Mateeba Oaks Stables, LLC, Peter J. and Dena Sellers, Jo–Jahn and Hiott Barry–Mier, Estate of Clara Harleston, Mella Holcombe, and Calvert C. and Frances S. Alpert, Defendants,

of whom South Carolina Department of Transportation, Richard S. Henson and Debra Henson, individually and d/b/a Mateeba Oaks Stables, Mateeba Oaks Stables, LLC are the Respondents,

and

Linda Drake, as Personal Representative of the Estate of Kimberly Cook is the Appellant.

Autumn S., a minor under the age of 14 years, by her Guardian ad litem Wendy Skinner, Appellant,

v.

Richard S. Henson and Debra B. Henson, individually and d/b/a Mateeba Oaks Stables; Mateeba Oaks Stables, LLC; Peter J. and Dena Sellers; Jo–Jahn and Hiott Barry–Mier; the Estate of Clara Harleston; Mella Holcomb; and Calvert C. and Frances S. Alpert, Defendants,

of whom Richard S. Henson and Debra B. Henson, individually and d/b/a Mateeba Oaks Stables; Mateeba Oaks Stables, LLC are Respondents.

No. 26690.

Supreme Court of South Carolina.

Heard March 17, 2009.

Decided July 27, 2009.

Caroline M. West and Gedney M. Howe, III, both of
Charleston, David W. Whittington, of Knight Law Firm, of

Summerville, George J. Kefalos, Gregory Daulton Keith, of Uricchio, Howe, Krell, Jacobson, Toporek, Theos & Keith, and Jack D. Cordray, of Cordray Law Firm, all of Charleston, for Appellants.

Bonum S. Wilson, III, of Wilson & Heyward, Jonathan J. Anderson and Lisa A. Reynolds, both of Anderson & Reynolds, Samuel R. Clawson and Margaret M. Urbanic, both of Clawson & Staubes, all of Charleston, for Respondents.

Justice PLEICONES.

This is an appeal from an order granting summary judgment to the respondents, finding they owed no duty to appellants, and also holding that appellants' negligence claim failed for lack of proximate cause. We affirm, finding that appellants have not shown the existence of a duty and therefore do not reach the proximate cause issue.

## FACTS

Appellant Skinners were injured when their automobile was struck head on by a car driven by appellant Drake's decedent (Cook) after Cook's car crossed the center line of Highway 61. Cook apparently lost control when she veered onto the highway's shoulder near a driveway leading to a stable and subdivision. Appellants sued the highway department and defendants.[1] The defendants include the owners of the stable and driveway, persons who own land in the subdivision accessed by the driveway, and other persons who own land adjoining Highway 61 near the driveway. Only the defendants who own the driveway and stable are respondents in the appeal.

## ISSUE

Whether the circuit court erred in finding respondents did not owe a duty to appellants?

---

1. It appears that appellants' liability theory vis-à-vis DOT is that Cook lost control when trying to reenter the roadbed due to a low shoulder, while liability was sought to be imposed on respondents on the theory Cook could not regain control due to deep shoulder ruts caused by those using the driveway.

## ANALYSIS

Appellants contend the circuit court erred in failing to find respondents owed a common law duty to travelers on the highway. Alternatively, appellants contend the source of respondents' duty is found in statutes or in regulatory enactments. We agree with the circuit court that respondents did not owe appellants a duty here.

Whether a duty exists is a question of law for the Court. *Doe v. Greenville County Sch. Dist.*, 375 S.C. 63, 651 S.E.2d 305 (2007). Here, appellants posit a duty owed by landowners whose property adjoins a public highway to travelers. Specifically, appellants contend that ruts in the highway's shoulder near the driveway entrance to respondents' property were the result of horse trailer traffic, and that respondents have a duty to warn travelers of this dangerous condition or to protect them from encountering it. We find no such duty.

Appellants rely on several statutes and a Department of Transportation (DOT) Handbook[2] as the source of a duty owed by respondents to travelers on the highway.

The DOT regulations to which appellants point regulates the construction of private roads which intersect with a public highway, and allow a landowner to seek an encroachment permit to use a highway right-of-way. Here, respondents did not construct a private road, and therefore did not need to seek such a permit. In addition, DOT did not exercise its authority and require them to obtain one. These regulations are inapplicable to respondents and are not a source of any duty. Moreover, they specifically impose the responsibility for maintaining rights-of-way, such as highway shoulders, on the Department.

Appellants also maintain that respondents have a duty arising from statute. Specifically, they rely on three statutes:

1. S.C.Code Ann. § 57–7–10 "Negligent, Willful or Wanton Damage to Highways";

2. § 57–7–260 "Liability for Corporations for Obstructions by their Agent"; and

---

2. "ACCESS AND ROADSIDE MANAGEMENT STANDARDS."

3. § 57–7–50 "Cutting Trenches or Laying Pipes or Tracks in State Highways or Bridges."

Section 57–7–10 imposes criminal liability on a person who willfully, wantonly, or negligently damages a highway. Appellants do not allege, much less prove, that this statute was intended to create a private cause of action. *E.g., Adkins v. South Carolina Dep't of Corrections,* 360 S.C. 413, 602 S.E.2d 51 (2004) (when criminal statute implies private duty). As for § 57–7–260, there is no evidence respondents obstructed the highway, nor any evidence they laid a pipe, tracks, or trenches as contemplated by § 57–7–50. We affirm the trial court's ruling that neither the regulations nor the statutes cited by appellants create a duty owed by respondents to travelers to warn of or to protect them from shoulder ruts. *Adkins, supra.*

 The circuit court held that respondents owed no common law duty to travelers on the highway as respondents neither possessed nor had control over the highway's shoulder.[3] *Miller v. City of Camden,* 329 S.C. 310, 494 S.E.2d 813 (1997) ("one who has no control [over property] owes no duty"). The court held a duty could arise to travelers where the defendant "actually created something to cause a defect on the highway." We agree that South Carolina common law only imposes a duty for highway conditions where an individual or business has undertaken an activity that creates an artificial condition on the highway which is dangerous to travelers.

Appellants rely heavily on this Court's decision in *Dorrell v. South Carolina Dep't of Trans.,* 361 S.C. 312, 605 S.E.2d 12 (2004). In Dorrell, the Court held a contractor who had repaved a highway in a manner that elevated the roadway approximately one foot above the shoulder breached its common law duty of care to the traveling public. Appellants also cite *Sessions v. Dickerson, Inc.,* 265 S.C. 579, 220 S.E.2d 876 (1975), where the Court found there was evidence of "actionable negligence," but not specifically a duty to travelers, on the part of a contractor repairing a highway. We agree with the trial court that a contractor performing highway alterations owes a duty to travelers, but we find no analogous duty

---

**3.** It is undisputed that the shoulder is part of the highway.

on the part of an owner of property abutting a highway who neither possesses nor controls the highway.

Appellants also contend that since respondents own the driveway, and since allegedly it is the utilization of this driveway which led to the ruts on the highway shoulder, respondents "created" a defect on the highway and thus owed a duty to travelers. We disagree.

Appellants cite a number of cases where liability has been imposed on an abutting landowner where the conduct of the landowner's business has created an **artificial hazard** on the highway. *Clark v. Blue Circle, Inc.*, 237 Ga.App. 1, 514 S.E.2d 473 (1999) (material spilled on roadway); *Miller v. APAC–Ga.*, 197 Ga.App. 801, 399 S.E.2d 534 (1990) (same); and *Whittaker v. Honegger*, 284 Ill.App.3d 739, 221 Ill.Dec. 169, 674 N.E.2d 1274 (1996). In addition, a landowner whose plant emits smoke that drifts over the highway, or one who creates a traffic jam on the highway during plant shift changes, may be liable to a traveler. *Holiday Rambler Corp. v. Gessinger*, 541 N.E.2d 559 (Ind.Ct.App. 3 Dist.1989); *distinguished in Sheley v. Cross*, 680 N.E.2d 10 (Ind.App.1997). Both smoke and a traffic jam are artificial conditions.

Here, the only evidence is that shoulder ruts are the natural consequences of highway use, and that they exist all along the shoulders of a highway, especially a curving scenic road such as Highway 61. We hold that the owner of land which abuts a highway is not liable to the traveler for conditions occurring on that highway which are normal and natural, and not the result of artificial conditions. We therefore affirm the order granting respondents summary judgment, and do not reach the issue of cause in fact.

## CONCLUSION

The order granting respondents summary judgment is **AFFIRMED.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.